UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01057-FWS-DFM                              Date: June 16, 2026
Title: Nikolas Edward Carrafield v. Nav Technologies, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER [9]**

On May 1, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). (Dkts. 1, 4.)  Plaintiff brought this action against Defendant based on Plaintiff's account with Defendant for business credit monitoring services.  (Dkt. 1.)  Plaintiff sought to raise federal claims under the Fair Credit Reporting Act, the Electronic Communications Privacy Act, and the Stored Communications Act.  (*Id.* at 3, 5.)  "On March 28, 2025, Plaintiff requested cancellation of the account.  Despite this request, Defendant continued monitoring Plaintiff's data and account activity without authorization."  (*Id.* at 5.)  "Defendant failed to provide requested records, failed to cease monitoring after cancellation, and continued communications indicating ongoing use of Plaintiff's personal and financial data without authorization."  (*Id.*)

On May 6, 2026, the court postponed a ruling on the IFP request and ordered Plaintiff to provide more information in 30 days.  (Dkt. 9.)  First, the court ordered Plaintiff to file another IFP request that identified the sources of money that pay for his average monthly expenses totaling $3,850 or, in the alternative, pay the filing fee.  (*Id.*)  Second, the court ordered Plaintiff to file an Amended Complaint because Plaintiff had not stated a claim under the Fair Credit Reporting Act, the Electronic Communications Privacy Act, or the Stored Communications Act. (*Id.*)  The court warned Plaintiff that the failure to comply with this order within 30 days would result in the dismissal of this action.  (*Id.*)

---

**CIVIL MINUTES – GENERAL**                                                                 1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01057-FWS-DFM                          Date: June 16, 2026
Title: Nikolas Edward Carrafield v. Nav Technologies, Inc.

On May 18, 2026, and again on June 4, 2026, Plaintiff filed declarations in support of his IFP request.  (Dkts. 10, 13.)  However, as of this date, Plaintiff has not filed an Amended Complaint as ordered by the court on May 6, 2026.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the court's order.  *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing  *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962)).  "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal.  *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.  Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").  Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

\\
\\

_____

**CIVIL MINUTES – GENERAL**                                                    **2**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

# JS-6

Case No. 8:26-cv-01057-FWS-DFM                    Date: June 16, 2026
Title: Nikolas Edward Carrafield v. Nav Technologies, Inc.

In sum, four of the five factors weigh in favor of dismissal.  Accordingly, this action is dismissed without prejudice.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  rrp

_____